UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PHI Health, LLC,**<br>2800 N. 44th Street<br>Phoenix, AZ 85008<br><br>          Petitioner,<br><br>v.<br><br>**SummaCare, Inc.**<br>c/o Robert A. Gerberry<br>Registered Agent<br>525 E. Market St.<br>Akron, OH 44304<br><br>          Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.<br><br>Judge |

**APPLICATION TO CONFIRM ARBITRATION AWARD**

Plaintiff PHI Health, LLC brings this complaint to confirm an arbitration award, IDR Award 278762, entered in PHI's favor ("IDR Award") and to enter judgment for PHI in the amount of $25,429.30.

**INTRODUCTION**

1.  This action is necessary because Defendant SummaCare, Inc. ("SummaCare") has refused to pay to PHI the money that SummaCare was ordered to pay PHI via an arbitration award rendered pursuant to the federal No Surprises Act ("NSA").

2.  PHI is an air ambulance company that provides emergency medical transportation to patients across the country. PHI transported a patient covered by Defendant. After Defendant refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of

1

reimbursement owed. The arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The NSA makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Defendant has failed—for many months—to pay PHI what the IDR entity's determination, and the NSA, require Defendant to pay for PHI's services.

5. PHI therefore applies, pursuant to the Federal Arbitration Act ("FAA") and the Ohio Arbitration Act ("OAA") to enter an order confirming the IDR award and judgment against SummaCare for the amount of money SummaCare owes to PHI.

**PARTIES**

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendant; PHI is thus a "nonparticipating provider" for purposes of the NSA.

7. SummaCare is a health insurance company. It is headquartered in Akron, Ohio, where it can be served with process at 525 E. Market Street, Akron, Ohio 44304 through its Registered Agent, Robert A. Gerberry.

**JURISDICTION AND VENUE**

8. This Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal NSA. Federal law makes the IDR award binding on SummaCare and also requires SummaCare to pay what is owed within 30 days of the IDR

entity's decision. 42 U.S.C. § 300gg-112(b)(6).

9. Venue is proper in this District because SummaCare resides here and because a substantial part of the events or omissions giving rise to the claim occurred here. 28 U.S.C. § 1391(b).

10. This Court has personal jurisdiction over SummaCare because SummaCare does significant business in this State, has a significant presence here, and because PHI's claims arise out of SummaCare's contacts with Ohio.

11. The transport at issue, for which PHI is entitled to payment, occurred in Ohio.

12. Defendant SummaCare sent PHI an "Explanation of Benefits" form giving an address of SummaCare as PO Box 3620, Akron, Ohio 44309-3620.

## BACKGROUND ON THE NO SURPRISES ACT

13. The NSA creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out-of-network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount . . . ." 42 U.S.C.§ 300gg-112(a)(3)(B).[1]

14. The NSA contains a detailed mechanism for determining what the appropriate "out-of-network" rate is in each case. If the out-of-network air ambulance provider and the

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111, et seq.; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e, et seq. (ERISA); and 26 U.S.C. §§ 9816, et seq. (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this application.

health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

15. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.*; § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.*; § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

16. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

  **(i) In general**

   A determination of a certified IDR entity under subparagraph (A)--

   (I) shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

   (II) shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(5)(D).

4

17. The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

## THE FACTS OF THIS DISPUTE

18. In 2022, PHI supplied emergency air ambulance transport services to a patient who was a member of SummaCare's Plan. The patient's "Member ID" was A0071496100 according to the "Explanation of Benefits" form that SummaCare provided to PHI.

19. PHI sent SummaCare a bill for these transportation services. As defined above, SummaCare is a plan health insurer of a fully insured health maintenance organization.

20. On November 16, 2022, SummaCare sent PHI an "Explanation of Benefits" form relating to the transport at issue in this case. The insurance verification for the patient stated that the Group Name is SC Marketplace, with Group No. HIM001. The Explanation of Benefits form stated that the Plan was making an initial payment to PHI for the two service codes for this transport. For service code AO431, the Plan was paying $8,103.90.

21. The Explanation of Benefits form stated that for service code AO431 the patient's "co-pay" and "deductible amount" were both "0.00."

22. Defendant made an initial payment to PHI in the total amount of $8,103.90 for service code A0431, an amount less than the IDR Award.

23. On February 3, 2023, PHI initiated IDR proceedings by submitting Notices of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice to SummaCare of the initiation of IDR proceedings.

24. The IDR dispute for service code AO431 was assigned IDR reference number

248762. The IDR entity assigned to the dispute was Island Peer Review Organization ("IDR Entity").

25. On August 10, 2023, the IDR Entity transmitted to PHI its Written Payment Determination Notices, which include the IDR Award. The IDR Award determines that the appropriate out-of-network rate for this transport in total is $33,533.20. The IDR Award is attached hereto as Exhibit 1.

26. The NSA obligates SumamCare to pay PHI a total amount of $25,429.30 ("IDR Award Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Award minus (ii) the amount previously paid by Defendant:

| Service Code | IDR No. | IDR Award | Initial Payments | Cost Sharing | IDR Award Balance Owed |
|---|---|---|---|---|---|
| AO431 | 248762 | $33,533.20 | $8,103.90 | $0.00 | $25,429.30 |

27. To date, Defendant has not paid PHI the IDR Award Balance Owed.

### Count I – Application to Confirm the IDR Award Under the Federal Arbitration Act, 9 U.S.C § 9

28. PHI incorporates by reference the allegations of the preceding paragraphs.

29. The IDR Award should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

30. The IDR Award arise valid and has not been vacated or set aside by any authority.

31. No grounds exist for vacating, modifying, or correcting the IDR Award.

32. Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the amount that SummaCare is obligated to pay to PHI: the IDR Award Balance Owed.

### Count II – Application to Confirm the IDR Award

**Under the Ohio Arbitration Act**

33. PHI incorporates by reference the allegations of the preceding paragraphs.

34. The IDR Award should be confirmed by judgment of this Court pursuant to the Ohio Arbitration Act. *See* R.C. 2711, *et seq*.

35. The IDR Award is valid and has not been vacated or set aside by any authority.

36. No grounds exist for vacating, modifying, or correcting the IDR Award.

37. Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the amount that SummaCare is obligated to pay to PHI: the IDR Award Balance Owed.

**Count III – Implied Right of Action under the NSA**

38. PHI incorporates by reference the allegations of the preceding paragraphs.

39. The NSA includes an implied right of action against SummaCare for the amount owed to PHI.

40. Specifically, the NSA requires Defendant to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

41. The NSA thus requires Defendant to pay to PHI the IDR Award Balance Owed for the transport at issue in this case.

**PRAYER FOR RELIEF**

42. PHI requests that the Court enter final judgment in its favor and against Defendant as follows:

   a. Confirming the IDR Award pursuant to the Federal Arbitration Act;

   b. Confirming the IDR Award pursuant to the Ohio Arbitration Act;

   c. Ordering Defendant to pay PHI the amount of $25,429.30, representing the IDR

        Award Balance Owed;

d. Ordering the Defendant to pay PHI post-award interest on the IDR Award Balance Owed, from the date of the IDR Award;

e. Ordering the Defendant to pay PHI post-judgment interest on the judgment entered by this Court;

f. Ordering Defendant to pay PHI's attorneys' fees incurred in this action, the amount of which PHI will prove by separate motion; and

g. Awarding PHI all other relief to which it may be entitled.

        Respectfully submitted,

/s/  Matthew M. Zofchak
Christopher J. Weber    (0059270)
Matthew M. Zofchak    (0096279)
KEGLER, BROWN, HILL & RITTER CO., L.P.A.
65 East State Street, Suite 1800
Columbus, OH  43215
T: (614) 462-5400; F: (614) 464-2634
cweber@keglerbrown.com
mzofchak@keglerbrown.com
*Counsel for Plaintiff PHI Health, LLC*